UNITED STATES of America,
Plaintiff–Appellee,

v.

Jaime RODRIGUEZ, Defendant–
Appellant.

No. 01–7937.

United States Court of Appeals,
Fourth Circuit.

Submitted June 7, 2002.

Decided June 25, 2002.

Opinion on Rehearing Filed
Nov. 18, 2002.

Jaime Rodriguez, Appellant Pro Se.
Kenneth Davis Bell, Office of the United
States Attorney, Charlotte, North Car-
olina, for Appellee.

Before WILLIAMS and MICHAEL,
Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed by unpublished PER
CURIAM opinion.

## OPINION

PER CURIAM.

In July 1992, Jaime Rodriguez was in-
dicted for conspiracy to possess with intent
to distribute cocaine, in violation of 21
U.S.C. §§ 841(a)(1), 846 (2000). Rodriguez
pled not guilty and proceeded to trial.
The jury found Rodriguez guilty of con-
spiracy to possess cocaine powder with the
intent to distribute. The district court
sentenced Rodriguez to 262 months im-
prisonment and five years supervised re-
lease.

Rodriguez appealed his conviction and
sentence to this court. He contended that
the district court erred when it admitted
evidence of his prior bad acts and deprived
him of his right to a speedy trial; in
addition, Rodriguez claimed that the evi-
dence was insufficient to support his con-
viction. In an unpublished opinion, we
rejected all of Rodriguez's arguments and
affirmed his conviction and sentence.
*United States v. Rodriguez,* 1998 WL
390947, No. 95–5584 (4th Cir. June 29,
1998) (unpublished).

In November 1999, Rodriguez moved to
vacate his sentence pursuant to 28 U.S.C.
§ 2255 (2000). He reiterated the issues
raised in his direct appeal, adding ineffec-
tive assistance of counsel and perjury to
his list of claims. The district court denied
this motion without a hearing. In his ap-
plication for a certificate of appealability,
Rodriguez narrowed his claims to the fol-
lowing: (1) his conviction was based upon
a defective indictment; (2) he received in-
effective assistance of counsel; (3) the dis-
trict court erred when it found that, even if
defense counsel's performance fell below
an objective standard of reasonableness,
there was no prejudice; and (4) his convic-
tion was based on perjured testimony, and
the district court failed to address this
claim.

In an opinion issued on June 25, 2002,
we considered the merits of Rodriguez's
claims. We determined that those claims
did not merit relief and accordingly denied
a certificate of appealability and dismissed
Rodriguez's appeal. Rodriguez petitioned
for panel and en banc rehearing, asserting
that we incorrectly analyzed the underly-
ing merits of his claims rather than deter-

mining whether he was entitled to the requested certificate of appealability. Upon consideration of his petition, we grant panel rehearing. As no active member of the Court has voted to grant en banc rehearing, it is denied.

To be entitled to a certificate of appealability, Rodriguez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Upon examination of Rodriguez's application, we conclude that Rodriguez has failed to demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*